UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

          -against-

DARIEL LOPEZ,

          Defendant.
-------------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**

23-CR-189 (GRB)

FILED
CLERK
11:55 am, Mar 21, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**GARY R. BROWN, United States District Judge**:

      Defendant Dariel Lopez, charged in this matter with possession with intent to distribute 400 grams or more of fentanyl, moves to suppress evidence secured during a search of a Hempstead residence at which he was an overnight guest. He contends that the evidence, seized pursuant to a search warrant issued by a United States Magistrate Judge, was obtained in violation of his rights under the Fourth Amendment of the United States Constitution. That warrant was predicated upon observations by members of the United States Marshals Service Fugitive Task Force, conveyed to the Magistrate Judge by a DEA agent, of instruments and materials consistent with heroin distribution in the bedroom closets in the subject apartment. Defendant contends that these observations, made incident to the arrest of the defendant for probation violations, constitute the fruits of an illegal search and alleges that false representations were made to the Magistrate Judge in procuring the search warrant. Accordingly, defendant seeks a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978), and suppression of the evidence resulting from the execution of the search warrant.

      The Fourth Amendment to the Constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. This provision

requires particularly careful application where, as here, the area searched is a residence. *Wilson v. Layne*, 526 U.S. 603, 610 (1999) ("The Fourth Amendment embodies this centuries-old principle of respect for the privacy of the home."); *Payton v. New York*, 445 U.S. 573, 585 (1980) ("[T]he physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.").

Here, defendant moves for suppression based upon inaccurate representations contained in the sworn affidavit. The Second Circuit has instructed that:

> [A] defendant seeking to suppress evidence that was gathered pursuant to a search warrant that was based on inaccurate representations by the Government must show (1) that the inaccuracies were the product of a Government agent's "deliberate falsehood" or "reckless disregard for the truth" rather than innocent mistake, and (2) that, after setting aside the falsehoods, what remains of the warrant affidavit is insufficient to support a finding of probable cause. *Franks v. Delaware*, 438 U.S. 154, 171–72, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *United States v. Canfield*, 212 F.3d 713, 717–18 (2d Cir. 2000).

*United States v. Coreas*, 419 F.3d 151, 155 (2d Cir. 2005). Recently, the Second Circuit has reiterated the procedures employed in resolving such a motion:

> A *Franks* hearing permits a criminal defendant to challenge the veracity of a warrant affidavit under certain circumstances. To trigger the hearing, a defendant must make a "substantial preliminary showing" that (1) the warrant application contains a false statement, (2) the false statement was included intentionally or recklessly, and (3) the false statement was necessary to the finding of probable cause. *Franks*, 438 U.S. at 155–56, 98 S.Ct. 2674; *see also Levasseur,* 816 F.2d at 43. The Supreme Court has interpreted the warrant clause as containing an implicit guarantee that the information in a warrant application is "'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Franks,* 438 U.S. at 165, 98 S.Ct. 2674. The fruits of the search must be excluded if the allegation of perjury or recklessness is established by a preponderance of the evidence and the affidavit's remaining content with the falsehoods set aside is insufficient to establish probable cause. *Id.* at 156, 98 S.Ct. 2674.

*United States v. McKenzie*, 13 F.4th 223, 236 (2d Cir. 2021).

Here, the Government at least tacitly acknowledges that there were factual misstatements in the search warrant affidavit filed by the DEA agent which led to the issuance of the search warrant in question.  The probable cause set forth in the affidavit is found largely in a single paragraph, which suggests that, incidental to defendant's arrest for violations of supervised release, members of the USMS Fugitive Task Force made observations of what appeared to be narcotics evidence:

> On April 24, 2023, at approximately 10:35 a.m. members of the USMS entered the SUBJECT PREMISES pursuant to the Arrest Warrant for LOPEZ. LOPEZ was standing in front of one of the bedrooms ("Bedroom #1") inside the SUBJECT PREMISES.  Inside Bedroom #1, was an open closet where members of the USMS observed, in plain view, a blender which contained a light brown powdery substance.[1] [ ] Next to the blender was a money counter.

Docket Entry ("DE") 23-3 at 4.  The paragraph continues:

> Simultaneously to LOPEZ's apprehension, members of the USMS conducted a protective sweep of the SUBJECT PREMISES. During the sweep, members of the USMS observed a pill press on the floor inside of the second bedroom ("Bedroom #2") in plain view. Additionally, members of law enforcement observed an open brown box on the floor inside of Bedroom #2 which contained a light-colored powdery substance.

*Id*. at 4-5.  Thus, in obtaining the search warrant, the Government presented two justifications for the warrantless discovery of the incriminating evidence that led to the search warrants: plain view and incident to a protective sweep.

---

[1] In several instances, the affiant asserts that, based upon his training and experience, the "brown powdery substance" was heroin, and further that the quantity of heroin appeared to exceed 100 grams.  Docket Entry 23-3 at 4-5.  However, the affiant indicates that his only source of information consisted of "discussions with other agents and law enforcement officers," *id*. at 4, and provides no details upon which these conclusions might be based.  As such, the Court must disregard these assertions for the purpose of this analysis, other than to the extent that such assertions could bear on recklessness on the part of the affiant.



First, the Government asserts that defendant was arrested in front of one of the bedroom doors, and from that vantage point, the evidence in one of the closets was in plain view. A floor plan of the apartment, provided by the defendant on this motion, helps clarify the questions. DE 23-3 at 22 (arrow added). Defense counsel claims that it is impossible to view the contents of either closet from the common areas of the apartment, DE 23-1 at 11-12, however, examination of the diagram suggests otherwise: the arrow added to the diagram demonstrates one vantage point from which there would be a line of sight into the closet of "Bedroom #1,"[2] assuming the doors were open.[3] Yet a bigger problem dooms this theory: by all accounts, it appears that the defendant was arrested at or near the front door of the apartment, rather than in front of the bedroom as stated in the affidavit.

---

[2] While the papers do not make this clear, the Court will assume that "Bedroom #1" refers to the larger bedroom on the right hand side of the diagram.
[3] In their papers, the parties dispute whether and to what degree those doors were open.

4

Thus, the Government must rely (and in its papers, exclusively relies) upon discovery incident to a protective sweep. Somewhat unclearly drafted, the affidavit appears to attribute only the materials recovered in Bedroom #2, identified as a brown box containing a light powdery substance, to the protective sweep.

Several questions arise in connection with this theory. First, defendant challenges the necessity and scope of the protective sweep, pointing to a report of investigation that suggests he was pulled into the hallway where the arrest was effected.[4] DE 29-1 at 6. This challenge requires assumptions about what was meant by "hallway" in the Government paperwork—a phrase that could refer to the public hallway, or the area immediately inside the front door. Even assuming that defendant could establish that he was apprehended inside the apartment while the arrest was completed in the public hallway, such a determination would not necessarily exclude the bedrooms from a protective sweep, but the record remains too unclear to make such a determination.

More problematic is a set of notes from the interview of one of the agents suggesting that nothing was recovered from Bedroom #2. DE 29-1 at 3. At oral argument, the Government represented that this statement was subsequently corrected, but those corrections are not before the Court. DE 32 (hereinafter "Tr.") 16-17. Furthermore, during argument, the Government suggested additional information existed, of which the USMS Fugitive Task Force was aware, regarding narcotics trafficking activities on the part of defendant that could bear on potential dangers and the propriety and appropriate scope of the protective sweep. Tr. 21-22, 26.

In light of the foregoing, it appears that defendant has satisfied the showing required to

---

[4] In his affidavit, the defendant states he was arrested in the "doorway" of the apartment, a phrase in this context that proves ambiguous. DE 23-3 at 19.

5

trigger a *Franks* hearing. *See generally United States v. Cerda*, 2023 WL 3792448 (E.D.N.Y. June 2, 2023) (discussing standards for holding hearing). Said hearing will be conducted on April 3, 2024, at 11:00 AM. The issues at that hearing will encompass the matters discussed herein.

**SO ORDERED.**

Dated: March 21, 2024
       Central Islip, New York

                                  /s/ Gary R. Brown
                                  Gary R. Brown
                                  United States District Judge